UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE LEHMANN and INSURED BENEFIT PLANS, INC., Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>-against-<br><br>OHR PHARMACEUTICAL INC., JASON SLAKTER, SAM BACKENROTH, and IRACH TARAPOREWALA,<br><br>      Defendants. | 18 Civ. 1284 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  Plaintiffs George Lehmann and Insured Benefits Plans, Inc. (together, "Plaintiffs") bring this putative securities class action against Ohr Pharmaceutical, Inc. (the "Company"), Jason Slakter, Sam Backenroth, and Irach Taraporewala (collectively, "Defendants"). Plaintiffs assert securities fraud claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and under Securities and Exchange Commission Rule 10b-5. On September 20, 2019, this Court granted Defendants' motion to dismiss those claims. (See Opinion & Order, dated Sept. 20, 2019 [dkt. no. 71].) On October 9, 2020, the Court of Appeals affirmed that dismissal by Summary Order but remanded the case "to make a determination on the record [about] whether to grant

1

Plaintiff-Appellants leave to file a second amended complaint." (See Summary Order, dated Oct. 9, 2020 [dkt. no. 74].)

Following the Court of Appeals' remand, Plaintiffs filed a letter seeking leave to file a second amended complaint or, alternatively, leave to file a motion to amend.  (See Letter from Richard W. Gonnello ("Plaintiffs' Opening"), dated Oct. 23, 2020 [dkt. no. 76].)  Defendants, on the other hand, asked the Court to modify its prior decision to include an explanation for its denial of leave to amend.  (See Letter from Aurora Cassirer, dated Oct. 23, 2020 [dkt. no. 77].)  Defendants opposed Plaintiffs' pre-motion letter, (see Letter from Aurora Cassirer ("Def. Opposition"), dated Oct. 28, 2020 [dkt. no. 78]), and Plaintiffs replied in further support of their pre-motion letter, (see Letter from Richard W. Gonnello ("Plaintiffs' Reply"), dated Oct. 29, 2020, [dkt. no. 79]).

The Court will construe these letters as a motion seeking leave to amend further the Complaint, Defendants' opposition to the motion, and Plaintiffs' reply in further support of their motion.  For the reasons stated below, Plaintiffs' motion for leave to amend is DENIED, and their claims are dismissed with prejudice.

I.  Background

The Court assumes the parties' familiarity with the facts, which the Court recounted at length in its Order dismissing the Amended Complaint.  (See Opinion & Order at 2-5.)

To summarize briefly, Plaintiffs allege that Defendants made false or misleading statements in connection with the Company's clinical trial of Squalamine, a drug that was thought to treat Wet Age-Related Macular Degeneration, an eye disease. (Amended Class Action Complaint ("Am. Compl."), dated Aug. 7, 2018 [dkt. no. 44], ¶¶ 2-3.)  After purchasing Squalamine, the Company began developing the drug to be delivered through an eye-drop rather than intravenously.  (Id. ¶ 4.)  The Company tested the efficacy of this method in humans in combination with another drug, Lucentis, in a 2012 IMPACT Trial.  (Id. ¶ 6.)

In their Amended Complaint, Plaintiffs alleged that Defendants misrepresented Squalamine by saying it "produced beneficial effects and significant improvement in best corrected visual acuity."  (Id. ¶ 6.)  More specifically, Plaintiffs point to allegedly misleading statements or omissions relating to three categories of the IMPACT Trial: (1) "Interim Results" that were announced by the Company in June 2014, (id. ¶ 10); (2) the final Classic Lesions Results of the IMPACT Trial announced in March 2015, (id. ¶ 11); and (3) the final Occult Lesions Results announced by the Company in May 2015, (id. at ¶ 13).

On September 20, 2019, the Court granted Defendants' motion to dismiss all of Plaintiffs' claims.  (Opinion & Order at 2.)  The Court found that Plaintiffs failed to plead either an actionable misrepresentation or omission (id. at 9-16) or scienter (id. at 16-19) and dismissed Plaintiffs' securities fraud and Section 20(a) claims accordingly.

Following Plaintiffs' appeal, and upon de novo review, the Court of Appeals affirmed, finding that Plaintiffs had not met the pleading standards under the Private Securities Litigation Reform Act and Federal Rule of Civil Procedure 9(b).  (Summary Order at 3.)  However, because the Court did not explain its reasons for denying Plaintiffs' leave to amend, the Court of Appeals remanded the case "to determine on the record whether to allow Plaintiffs an opportunity to replead."  (Id. at 5-6.)

II.  Discussion

A court should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Motions to amend are ultimately within the discretion of the district court, Foman v. Davis, 371 U.S. 178, 182 (1962), however, which may deny leave to amend for "'good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).

The Court determines that it would be futile to allow Plaintiffs another opportunity to amend their complaint. Plaintiffs contend that their second amended complaint will add new allegations, but each of the allegations that Plaintiffs offer has already been considered by this Court or the Court of Appeals.  Plaintiffs assert that their second amended complaint will focus on allegedly misleading statements that were already detailed in paragraphs 82-91 of the Amended Complaint.  (See Plaintiffs' Opening at 2.)  Plaintiffs argue that these statements were misleading in light of the results of the historical studies known to Defendants at the time, (see e.g., Plaintiffs' Reply at 1), but Plaintiffs already made these factual allegations in their Amended Complaint, (see e.g., Am. Compl. ¶ 55).  Further, Plaintiffs appear to acknowledge that Defendants already addressed these arguments in their motion to dismiss briefing (see Plaintiffs' Opening at 2 (citing Memorandum of Law in Support of Motion to Dismiss ("Motion to Dismiss"), dated Sept. 17, 2018 [dkt. no. 48], at 16-17, 26)), and the Court also considered them when it dismissed the Amended Complaint.

Plaintiffs fare no better with respect to scienter. Plaintiffs offer that their second amended complaint will allege that Defendants knew and had access to historical Lucentis monotherapy studies and that Ohr's personnel were involved in

these prior studies. But, again, Plaintiffs already made these allegations in their Amended Complaint, and the Court considered them when it ruled on Defendants' motion to dismiss. (See Am. Compl. ¶¶ 119-120; Plaintiffs' Reply at 2 (citing Motion to Dismiss at 15-17, 26).) Moreover, the Court of Appeals also considered these allegations, including Defendants' statements at oral argument (Plaintiffs' Reply at 2), and found that Plaintiffs' assertions "that Defendants made certain statements and were aware of a variety of information that Plaintiffs say is inconsistent with those statements" were conclusory and insufficient to provide a requisite strong inference of "recklessness approximating actual intent." (See Summary Order at 4.)

Accordingly, the arguments that Plaintiffs promise to include in a second amended complaint have already been considered, and they are insufficient to plead securities fraud. Plaintiffs' proposed revisions to their Amended Complaint "are essentially recharacterizations of the claims in [the] first amended complaint, and, thus, would suffer from the same defects as those claims." Weaver v. Indymac Fed. Bank, FSB, 488 F. App'x 522, 523 (2d Cir. 2012) (summary order) (citing Bellikoff v. Eaton Vance Corp., 481 F.3d 110, 118 (2d Cir. 2007). The Court's denial of a motion seeking leave to amend is appropriate where, as here, the "proposed amendments [are] merely recycled

6

versions of claims which ha[ve] already fallen victim to a motion to dismiss." Bellikoff, 481 F.3d at 118. Having considered Plaintiffs' arguments, the Court has determined that granting leave to amend would be futile.

III. Conclusion

For the reasons stated above, Plaintiffs' motion for leave to amend [dkt. no. 76] is denied, and Plaintiffs' claims are dismissed with prejudice. The Clerk of the Court shall mark the action closed and deny all pending motions as moot.

**SO ORDERED.**

Dated:   New York, New York
         November 16, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge

7